# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOAN BARNS, next friend and mother of JANA ELHIFNY, JANA ELHIFNY individually, | 3:04-CV-583-LRH (RAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| CINDA GIFFORD, et al., | |
| Defendants. | |

Plaintiff has filed a Motion to File First Amended Complaint (Doc. #39). Defendants have opposed the Motion (Doc. #44) and Plaintiff has replied (Doc. #41).

## BACKGROUND

Plaintiff filed the original Complaint in this matter on October 19, 2004 (Doc. #2). Subsequent to that filing the parties stipulated to dismiss Counts V and VI (Doc. #35), the court dismissed Counts VII, VIII, IX and X (the State Law Claims) (Doc. #36), and the parties stipulated to remove Plaintiff Joan Barnes as a Plaintiff and dismiss Washoe County School District as a Defendant (Doc. #38).

In her proposed Amended Complaint Plaintiff has named the Washoe County School District as a Defendant under a theory of Respondeat Superior and has reasserted allegations supporting state law claims (paragraphs 46-48).

## DISCUSSION

Federal Rule of Civil Procedure 15 ("Rule 15") provides that leave to amend a pleading ". . . shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend lies "within the

sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Supreme Court, in discussing Rule 15, has stated that "[i]f the underlying facts or circumstances may be a proper subject of relief, the movant ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In exercising its discretion "a court must be guided by the underlying purpose of Rule 15 - to facilitate decisions on the merits rather than on the pleadings or technicalities." *Id.* "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.* (citing *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curium)).

Liberality in granting leave to amend, however, is subject to the qualification that amendment of a Complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). Amendments seeking to add parties are not to be granted as freely as amendments seeking to add claims. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Defendants argue that Plaintiff's proposed amendments are futile in that Plaintiff's state law claims have previously been dismissed as has Defendant Washoe County School District, and that there can be no liability on the part of Washoe County School District based upon a theory of Respondeat Superior. Defendants' arguments are well taken.

The court has previously dismissed the state law claims (Doc. #35) after Plaintiff failed to oppose Defendants' Motion to Dismiss those claims. The inclusion of paragraphs 46-48 of the proposed Amended Complaint contravenes that order of the court and would be barred by the doctrine of res judicata.

In Plaintiff's proposed Amended Complaint the four claims of relief are based on alleged violations of 42 U.S.C. § 1983 and attempt to add Defendant Washoe County School District "under a theory of Respondeat Superior." It has long been held that a local governmental entity may not be held liable pursuant to 42 U.S.C. § 1983 under a Respondeat Superior theory. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In view of the above, it the court's conclusion that Plaintiff's proposed Amended Complaint is futile. Accordingly, Plaintiff's Motion to File First Amended Complaint (Doc. #39) should be denied on that basis.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File First Amended Complaint (Doc. #39) is **DENIED**.

DATED: December 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

3